Filed 2/18/26  P. v. Smith CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT SMITH, et al.,<br><br>    Defendants and Appellants. | 2d Crim. No. B335380<br>(Super. Ct. No. NA074807)<br>(Los Angeles County) |

In 2011, Vincent Smith and Derrick Taylor were convicted by separate juries of first degree murder and burglary.  The juries also found true the special circumstance that the murder was committed during a burglary, as well as related gang and firearm enhancements.  Appellants are serving life sentences without the possibility of parole.  In an all-too-familiar scenario, each claims the other was the shooter.

In 2019 and 2020, Smith and Taylor respectively filed petitions for resentencing pursuant to Penal Code section

1172.6,[1] which the trial court denied.  We reversed and remanded with directions for the trial court to conduct evidentiary hearings.[2]  Following the evidentiary hearings, the trial court again denied appellants' petitions, finding each was a major participant who acted with reckless indifference to human life.  Appellants contend insufficient evidence supports the trial court's "reckless indifference" findings.  Taylor also contends his defense counsel rendered ineffective assistance of counsel.  We affirm.

*Facts and Procedural Background[3]*

In October 2006, appellants and another companion, all members of the "Santana Blocc Crips" criminal street gang, hatched a scheme to commit a burglary.  John Ibrahim, a marijuana seller, was known to keep large quantities of "high grade" marijuana and cash at his condominium.  Either Smith or Taylor took a loaded firearm to Ibrahim's condominium.  Ibrahim resisted and a gun battle ensued.  Ibrahim suffered several bullet wounds before succumbing.  Smith was apparently the actual shooter.  The trial court so found at the evidentiary hearing we ordered.  Smith was wounded in the gun battle.

We need not go into detail as to the facts.  The trial court did so, and the parties have filed briefs that recite their "version"

---

[1] All further statutory references are to the Penal Code.

[2] See *People v. Smith* (Jan. 4, 2023, B303467) [nonpub. opn.] and *People v. Taylor* (Jan. 18, 2023, B305964/B308322) [nonpub. opn.].

[3] These facts are summarized from our prior appellate opinions (*People v. Smith* (Feb. 5, 2013, B233544) [nonpub. opn.]; *People v. Taylor* (Nov. 29, 2012, B233797) [nonpub. opn.]), and from the record in the instant appeal.

of what happened. What is crucial and dispositive here is the trial court's factual findings that both appellants were "major participants" in the crime and acted with a "reckless disregard for human life."

*Discussion*

The trial court's factual findings are presumed to be correct and these appeals are, in reality, "substantial evidence" appeals. "Under this standard, we review the record ""in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.""" (*People v. Reyes* (2023) 14 Cal.5th 981, 988.) We do not reweigh the trial court's factual findings. (E.g., *People v. Schell* (2022) 84 Cal.App.5th 437, 442-443.)

*Major Participant/Reckless Indifference*

The trial court considered and rejected arguments based upon *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Although appellants challenge the trial court's "reckless indifference findings," we briefly address the major participant factors enumerated in *Banks*, as well as the trial court's application of them in this case because there is a "significant[] overlap" in the requirements for being a major participant in a dangerous felony and acting with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 614-615.) "'[T]he greater the defendant's participation in the felony murder, the more likely that he acted with reckless indifference to human life.' [Citation.]." (*Id.* at p. 615.) Those factors include the defendant's role in planning the criminal enterprise; his role in supplying or using lethal weapons; his awareness of the dangers posed by the

3

nature of the crime; his presence at the scene; his actions or inactions in the death; and what the defendant did after lethal force was used. (*Banks*, *supra*, 61 Cal.4th p. 803.)

Here, the trial court analyzed these factors and found appellants were major participants. Specifically: (1) both planned to "scam" marijuana and money from the victim's home; (2) both "knew of the weapon" and did nothing to dissuade the other from bringing it into the victim's home; (3) both were aware of the particular dangers involved—"common sense says drug dealers are known to own weapons," there was only one purpose for bringing the gun—and that is to kill; (4) both were present at the scene of the killing and could have stayed to help the victim; (5) once they knew the victim was home, they "lured him out of the home" and continued with the burglary; and (6) after lethal force was used, they both "ran."

"Reckless indifference to human life is 'implicit in knowingly engaging in criminal activities known to carry a grave risk of death.'" (*In re Scoggins* (2020) 9 Cal.5th 667, 676 (*Scoggins*), quoting *Tison v. Arizona* (1987) 481 U.S. 137, 157.) Reckless indifference "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Clark*, *supra*, 63 Cal.4th at p. 617.)

In reviewing the trial court's findings, we analyze the totality of the circumstances. (*Scoggins*, *supra*, 9 Cal.5th at p. 677.) We consider several factors such as a defendant's knowledge that weapons would be used; how the weapons were used; the number of weapons used; proximity to the crime; opportunity to stop the killing or aid the victims; the duration of the crime; knowledge of the killer's (accomplice's) propensity to

4

kill; and a defendant's efforts to minimize the possibility of violence during the crime. (*Ibid.*; *Clark*, *supra*, 63 Cal.4th at pp. 618-623.) "'[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient.'" (*Clark*, at p. 618, quoting *Banks*, *supra*, 61 Cal.4th at p. 803.)

Recently, in *People v. Emanuel* (2025) 17 Cal.5th 867, our Supreme court applied the *Clark* factors to a defendant whose codefendant shot and killed a drug dealer during the commission of a robbery. The Court found the evidence insufficient to support a finding of reckless indifference to human life. (*Id.*, at p. 875.) As the Court explained, there was no evidence that the defendant planned anything other than a "strong-arm daylight robbery in a public park." (*Id.* at p. 895.) He was not armed, and the trial court found there was no evidence he knew the codefendant was armed or likely to use lethal force. (*Ibid.*)

Nothing in *Emanuel* alters our analysis. Here, the evidence and the reasonable inferences that flow therefrom show that appellants planned an armed burglary. They went to a known drug-dealer's home to "scam" him of marijuana and cash. When he resisted, a gun battle ensued. It is just this situation, one in which appellants knowingly created a "grave risk of death," that demonstrates the trial court's rational conclusion and findings of fact. An armed entry into a dwelling is fraught with the possibility of death. Both appellants could easily have killed. As the trial court stated, it is "common sense" that drug dealers have guns and will protect themselves.

Smith, who was 20 years old at the time of the crime, contends his youthful age is a factor that weighs in his favor. Courts of Appeal have recognized that "a defendant's youth is a relevant factor in determining whether the defendant acted with reckless indifference to human life." (*In re Moore* (2021) 68

Cal.App.5th 434, 454; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 987, 990-991.)  However, "[t]he fact of youth cannot overwhelm all other factors."  (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 595.)

Considering the totality of the circumstances, substantial evidence supports the trial court's finding that appellants acted with reckless indifference to human life.

*Ineffective Assistance of Counsel*

As to Taylor's additional contention that he was deprived of the effective assistance of counsel, the claim is without merit on a number of theories.  We note the obvious one.  The trial court gave an example that the *Banks* and *Clark* culpability factors would not apply to a "getaway" driver.  This does not mean that only a nonculpable "getaway" and/or underage driver could have his sentence reduced.  The trial court more than adequately explained the rulings, both orally and in writing.

*Disposition*

The judgments are affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

6

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant, Vincent Smith.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant, Derrick Taylor.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.